**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**     :

          :   **CRIMINAL NO.:**

          :

     **v.**          :   **VIOLATIONS: 18 U.S.C.**

          :   **§ 1030(a)(2)(B)**

          :

**JOSEPH T. COLON,**        :   **(Intentionally Accessing a Computer**

          :   **While Exceeding Authorized Access**

      **Defendant.**     :   **And Obtaining Information from any**

          :   **Department of the United States);**

          :

          :

INFORMATION

The United States Attorney informs the Court that:

INTRODUCTION

At all times material to this Information:

1. The defendant, JOSEPH THOMAS COLON, resided at 8116 Tack Lane, Springfield, Illinois.

2. A network is a series of devices, including computers and telecommunication devices, connected by communication channels.

3. A server is a centralized computer that provides services for other computers connected to it.

4. Computer passwords and other data security devices are passwords or devices designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of

alpha-numeric characters) usually operates as a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it.

5. Security Account Manager (SAM) is a database of user and group account information "hashes" on Microsoft Windows NT-based computer systems. Hashes are essentially encrypted versions of user passwords, but not the actual passwords themselves. A hash is generated by applying a 128-bit algorithm to a user password.

6. Pwdump3.exe ("pwdump") is a free program on the Internet and is used to extract the Microsoft Windows NT SAM database of user hashes and account information to a text file. Once a user obtains the output of pwdump, the user still does not have access to passwords. However, once in a text file, the output of the pwdump program can now be decrypted or "cracked".

7. L0phtcrack (pronounced "loftcrack") is a password decryption tool. Developed by "l0pht Heavy Industries" group, this decryption tool identifies password weaknesses. L0phtcrack takes the hashed (unreadable) output of the PWDump program and uses a variety of methods to make it readable, in other words, to reveal the plain text passwords that correspond to the hash values. L0phtcrack decrypts (cracks) the hash by using dictionary word comparisons, lists of common passwords, and character substitution techniques, among others.

8. BAE Systems or BAE (formerly known as DigitialNet) is a contractor employed by

2

the Federal Bureau of Investigation (FBI) to provide support for the conversion of the FBI's

conversion to a new classified computer networking system (part of a project called the "Trilogy

project.")

9.    The defendant, JOSEPH THOMAS COLON, was an employee of BAE and was

assigned to the Springfield, Illinois division of the FBI as of December 8th, 2003, as an

information technology specialist (ITS) contractor during the time of the offense.

10.    The FBI is part of the Department of Justice and the Department of Justice is an

executive department as enumerated in Title 5, United States Code Section 101.

11.    The FBI's classified SECRET internal computer network maintains computer servers

and networks in Washington, D.C..

12.    The defendant, JOSEPH THOMAS COLON, was not authorized to access the FBI's

classified SECRET internal computer network's SAM file, that is, the file containing computer

network usernames and encrypted passwords for all users on the network.

<u>COUNT ONE</u>

13.  On or about March 2, 2004, at approximately 4:33 p.m. EST, defendant JOSEPH

THOMAS COLON intentionally accessed a computer in excess of his authorized access and

thereby obtained information he was not entitled to obtain from a department of the United

States.

14. On that date,  defendant JOSEPH THOMAS COLON intentionally obtained a SAM

file from the FBI's classified SECRET computer network that maintains servers in the District of

Columbia.   Defendant obtained the file by executing the pwdump software program.   The SAM

file contained a list of usernames and encrypted passwords for over 38,000 user accounts on the

FBI's classified computer network.   Defendant was not authorized to access the information

contained in the SAM file.

15.  Defendant JOSEPH THOMAS COLON subsequently intentionally used L0phtcrack software program to decrypt the passwords accompanying the user names.

**(In violation of 18 U.S.C. §1030(a)(2)(B), Exceeding Authorized Access on a Government Computer.)**

<u>                                     COUNT TWO                                     </u>

16.  On or about May 24, 2004, at approximately 3:45 p.m. EST, defendant JOSEPH THOMAS COLON intentionally accessed a computer in excess of his authorized access and thereby obtained information he was not entitled to obtain from a department of the United States.

17. On that date,  defendant JOSEPH THOMAS COLON intentionally obtained a SAM file from the FBI's classified SECRET computer network that maintains servers in the District of Columbia.   Defendant obtained the file by executing the pwdump software program.   The SAM file contained a list of usernames and encrypted passwords for all user accounts on the FBI's classified computer network.   Defendant was not authorized to access the information contained in the SAM file.

18.  Defendant JOSEPH THOMAS COLON subsequently intentionally used L0phtcrack software program to decrypt the passwords accompanying the user names.

**(In violation of 18 U.S.C. §1030(a)(2)(B), Exceeding Authorized Access on a Government Computer.)**

<u>                                     COUNT THREE                                     </u>

19.  On or about July 26, 2004, at approximately 11:49 a..m. EST, defendant JOSEPH THOMAS COLON intentionally accessed a computer in excess of his authorized access and

thereby obtained information he was not entitled to obtain from a department of the United States.

20. On that date, defendant JOSEPH THOMAS COLON intentionally obtained a SAM file from the FBI's classified SECRET computer network that maintains servers in the District of Columbia. Defendant obtained the file by executing the pwdump software program. The SAM file contained a list of usernames and encrypted passwords for all user accounts on the FBI's classified computer network. Defendant was not authorized to access the information contained in the SAM file.

21. Defendant JOSEPH THOMAS COLON subsequently intentionally used L0phtcrack software program to decrypt the passwords accompanying the user names.

**(In violation of 18 U.S.C. §1030(a)(2)(B), Exceeding Authorized Access on a Government Computer.)**

<u>COUNT FOUR</u>

22. On or about November 16, 2004, at approximately 4:33 p.m. EST, defendant JOSEPH THOMAS COLON intentionally accessed a computer in excess of his authorized access and thereby obtained information he was not entitled to obtain from a department of the United States.

23. On that date, defendant JOSEPH THOMAS COLON intentionally obtained a SAM file from the FBI's classified SECRET computer network that maintains servers in the District of Columbia. Defendant obtained the file by executing the pwdump software program. The SAM file contained a list of usernames and encrypted passwords for all user accounts on the FBI's classified computer network. Defendant was not authorized to access the information contained

in the SAM file.

24.  Defendant JOSEPH THOMAS COLON subsequently intentionally used L0phtcrack

software program to decrypt the passwords accompanying the user names.

**(In violation of 18 U.S.C. §1030(a)(2)(B), Exceeding Authorized Access on a
Government Computer.)**

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia
D.C. Bar No. 451058

By:  _____
JOHN CARLIN
Assistant U.S. Attorney
Computer Hacking and Intellectual Property Unit
555 4th Street, N.W.
Washington, D.C. 20530
202-353-2457